**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DAVID J. THOMPSON, | DOCKET NUMBER |
| Appellant, | DC-0752-15-0392-I-1 |
| v. | |
| DEPARTMENT OF COMMERCE, | DATE: January 12, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David J. Thompson, Manassas, Virginia, pro se.

Janine M. Herring and Christiann C. Burek, Washington, D.C., for the
agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which
sustained his removal.  Generally, we grant petitions such as this one only when:
the initial decision contains erroneous findings of material fact; the initial
decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law.  Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions.  In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant served as a General Engineer with the agency in Washington, D.C. Initial Appeal File (IAF), Tab 6 at 34. The agency issued the appellant a notice of proposed removal charging him with two specifications of falsification and one specification of lack of candor based upon answers he provided in his preemployment application paperwork. *Id*. at 4-10. Specifically, the agency alleged that the appellant engaged in falsification when he indicated that he had not been fired from any job for any reason on both his declaration for Federal employment and his questionnaire for a national security position. *Id*. at 7. The agency also alleged that the appellant lacked candor when he reported that he left his prior position of Federal employment because of a "lack of security clearance"; however, according to the agency, the appellant was removed from his prior Federal position for failing to meet a condition of employment. *Id*. at 8.

¶3 The appellant provided both an oral and a written response to the agency's notice of proposed removal. IAF, Tab 5 at 41-42, 46-115. The deciding official subsequently issued a decision letter sustaining both charges and finding that the proposed removal was warranted in light of the seriousness of the appellant's misconduct. *Id*. at 30-40. The appellant filed a timely appeal of his removal, which, following a hearing, the administrative judge sustained. IAF, Tab 38,

Initial Decision (ID). In his initial decision, the administrative judge found that the agency proved that the appellant intentionally omitted that he had been removed from his prior position of employment with the Marine Corps Intelligence Activity, and he thus sustained both specifications supporting the falsification charge. ID at 2-8. The administrative judge further found that the appellant lacked candor when failed to disclose the nature of his prior removal from Federal service on his questionnaire for a national security position. ID at 8-9. Based on these established charges of misconduct, the administrative judge found that the appellant's removal promoted the efficiency of the service and that it fell within the tolerable limits of reasonableness under *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981). ID at 9-12.

¶4        The appellant has filed a petition for review reasserting that he misunderstood the nature of the questions posed to him in the preemployment applications and that there is a difference between being fired, being terminated, and being removed. Petition for Review (PFR) File, Tab 1 at 5-6. The appellant also argues that he received state unemployment benefits after being removed from his prior position of Federal service, thus supporting his claims that he was not fired for cause and that he did not complete the forms inaccurately. *Id*. at 9. The agency has filed a response in opposition to the petition for review. PFR File, Tab 3.

¶5        To establish a charge of falsification, the agency must prove by preponderant evidence that the appellant: (1) supplied wrong information; and (2) knowingly did so with the intention of defrauding, deceiving, or misleading the agency. *See Boo v. Department of Homeland Security*, 122 M.S.P.R. 100, ¶ 10 (2014). The intent element of a falsification charge may be established by circumstantial evidence or inferred when the misrepresentation is made with a reckless disregard for the truth or with conscious purpose to avoid learning the truth. *Id*. The Board has clarified that, consistent with *Leatherbury v. Department of the Army*, 524 F.3d 1293, 1300 (Fed. Cir. 2008), an agency also

must also show that the appellant engaged in falsification for his own private material gain. *Id.*, ¶ 12. In determining whether the agency has proven an appellant's intent, the Board will consider the totality of the circumstances surrounding the appellant's conduct, including the appellant's plausible explanation for his conduct, if any. *Id.*, ¶ 10.

¶6      We agree with the administrative judge that the agency proved both specifications supporting its falsification charge. The record demonstrates that the appellant marked "no" on his declaration for Federal employment when asked whether, among other things, he had "been fired from any job for any reason" during the last 5 years, and that he also marked "no" on his national security position questionnaire in response to a similar question about his prior Federal employment within the past 7 years. IAF, Tab 7 at 27-28, 65-66. Contrary to the answers the appellant provided, he was removed from his prior Federal position for cause in May 2011. *Id*. at 93. We agree with the administrative judge that the circumstances surrounding the appellant's completion of these forms imply that he intentionally completed them in this manner,[2] and that his intentional omission

---

[2] The appellant conceded that he completed these forms in this manner, and there is no dispute that he engaged in the conduct, as alleged. ID at 6. Upon our review of the appellant's national security position questionnaire, we note that the appellant stated that he was "accused [by his former employer] of being many things that were not true" and that his prior employer "made up false charges for which [he] never was able to defend against." IAF, Tab 7 at 27. The appellant further completed a summary of discipline and warnings he received during his prior Federal service on his national security questionnaire. *Id*. at 27-28. Despite these admissions, the appellant expressly answered "no" to whether he was fired, quit after being told he would be fired, or left employment by mutual agreement following charges or allegations of misconduct or notice of unsatisfactory performance, which is the substance of one of the agency's falsification specifications. *Id*. at 28; *see* IAF, Tab 6 at 7. Thus, although the appellant was forthright about portions of his prior Federal service, we agree with the administrative judge that the agency proved that the appellant intentionally falsified his national security position questionnaire when he failed to disclose he was fired from his prior position of employment. *See Christopher v. Department of the Army*, 107 M.S.P.R. 580, ¶ 17 (2008) (holding that a partial disclosure of correct information does not outweigh a finding of intentional falsification on a preemployment application), *aff'd*, 299 F. App'x 964 (Fed. Cir. 2008).

was done to obscure the circumstances surrounding the termination of his prior Federal service. ID at 6-8. Consistent with our analysis in *Boo*, we find the appellant's obfuscation of the circumstances surrounding his prior removal was done for private material gain, and thus supports a falsification charge. *See* 122 M.S.P.R. 100, ¶ 13 (finding that an intent to secure Federal employment could satisfy the private material gain element of a falsification charge) (citing *Delessio v. U.S. Postal Service*, 33 M.S.P.R. 517, 520-21, *aff'd*, 837 F.2d 1096 (Fed. Cir. 1987) (Table)).

¶7   On review, the appellant argues that both the agency and the administrative judge applied a colloquial definition of the term "fired" and that he did not understand his prior removal from Federal service to fall within the meaning of this term as used on the preemployment documents. PFR File, Tab 1 at 5-6. The administrative judge, however, addressed this argument in his initial decision, and he rendered credibility determinations against the appellant insofar as he argued that he did not believe he was fired from his prior position and that he did not have to disclose the circumstances of his prior termination from Federal service on the preemployment forms. ID at 7. We defer to the administrative judge's credibility determinations on this issue, and the appellant's challenge to these determinations amounts to nothing more than disagreement with the administrative judge's findings, which is an insufficient basis for overturning an initial decision on petition for review. *See Carney v. Department of the Navy*, 49 M.S.P.R. 468, 471 (1991). We concur with the administrative judge, moreover, that the appellant's explanations for his omissions are not plausible, and they do not obviate finding that the appellant intentionally sought to deceive the agency for his own material gain. *See Christopher*, 107 M.S.P.R. 580, ¶ 19 (finding the appellant's explanation for only partially disclosing information on his preemployment application was not credible).

¶8   We also agree with the administrative judge that the agency established its lack of candor charge based on the appellant's failure to give a complete answer

on his national security position questionnaire.  ID at 7-8.  Differing from falsification, lack of candor is a broader, more flexible concept, and may involve a failure to disclose something that should have been disclosed to make a statement accurate and complete.  *See Hoofman v. Department of the Army*, 118 M.S.P.R. 532, ¶ 13 (2012), *aff'd*, 526 F. App'x 982 (Fed. Cir. 2013).  We likewise agree with the administrative judge that the appellant lacked candor when he responded that "the reason for leaving the employment activity" with his former employer was a "lack of a security clearance."  IAF, Tab 7 at 28.  The appellant's answer to this question misleads the reader and suggests that he voluntarily left Federal service, a fact that is not borne out by his employment history.  We concur with the administrative judge that the appellant's response to this question was less than forthright, and that his failure to explain the circumstances surrounding his "leaving the [prior] employment activity" supports the agency's lack of candor charge.  *Chavez v. Small Business Administration*, 121 M.S.P.R. 168, ¶ 6 (2014) (finding a failure to explain the context of an answer supported a lack of candor charge); *Hoofman*, 118 M.S.P.R. 532, ¶¶ 13-15 (finding that the failure to explain the circumstances of a leave request established a lack of candor).

¶9  In similar cases, the Board has found that an employee's removal for falsification and lack of candor promotes the efficiency of the service, and we find no reason to depart from this standard here.  *See Whelan v. U.S. Postal Service*, 103 M.S.P.R. 474, ¶ 9 (2006), *aff'd*, 231 F. App'x 965 (Fed. Cir. 2007); *Harmon v. General Services Administration*, 61 M.S.P.R. 327, 334 (1994).

¶10  We similarly find no reason to disturb the administrative judge's finding that the appellant's removal falls within the bounds of reasonableness under the facts of this case.  Where, as here, all of the agency's charges are sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within the tolerable limits of reasonableness.  *See Whelan*, 103 M.S.P.R. 474, ¶ 10.  We

agree with the administrative judge that the deciding official conscientiously considered all of the relevant factors in rendering a penalty determination in this case, including the seriousness of the appellant's omissions, the intentional nature of his misconduct, and the fact that he was on notice of the need to complete the preemployment and national security position questionnaires in an accurate and truthful manner. IAF, Tab 5 at 35-37. The deciding official also considered the appellant's aggregate length of service, absence of disciplinary history while employed with the agency, and his interpretations of the forms' terms as mitigating factors, but he found that these considerations did not outweigh either the seriousness of the appellant's misconduct or the fact that his actions undermined his supervisor's trust and confidence in his abilities to perform his responsibilities. *Id*. Finally, the deciding official weighed the appellant's argument that he suffered from a medical condition that contributed to his misinterpretation of the forms, but he found this explanation unpersuasive. *Id*. at 37; *see Sherlock v. General Services Administration*, 103 M.S.P.R. 352, ¶ 11 (2006) (explaining that a medical condition that contributed to the charged conduct is entitled to weight as a mitigating factor). Under these circumstances, we concur with the administrative judge that the appellant's removal falls within the bounds of reasonableness, and we affirm the initial decision.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.