# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SOCIAL SECURITY
    ADMINISTRATION,
               Petitioner,

        v.

SRIDHAR BOINI,
               Respondent.

DOCKET NUMBER
CB-7521-13-0192-T-1

DATE: March 22, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Katie M. Gaughan, Esquire, and James McTigue, Esquire, Philadelphia,
    Pennsylvania, for the petitioner.

Peter H. Noone, Esquire, Belmont, Massachusetts, for the respondent.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The respondent has filed a petition for review of the initial decision which found good cause to remove him from his position as an administrative law judge under 5 U.S.C. § 7521. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The respondent serves as an administrative law judge in the petitioner's Office of Disability Adjudication and Review in Wilkes-Barre, Pennsylvania. Complaint File (CF), Tab 1 at 4. The petitioner filed a complaint with the Clerk of the Board proposing to remove the respondent based on a charge of conduct unbecoming an administrative law judge, which was supported by two specifications. *Id.* at 11. Specifically, the petitioner alleged that, on July 26, 2012, the respondent (1) made nonconsensual physical contact with a female security guard stationed at a hearing office in Scranton, Pennsylvania, and (2) was under the influence of alcohol in the Scranton, Pennsylvania hearing office. *Id.*

¶3    In support of its charge and specifications, the petitioner alleged that the respondent consumed several alcoholic beverages in quick succession during lunch on July 26, 2012, and that, after returning to the Scranton hearing office, he left the office to consume additional alcoholic beverages. *Id.* at 6. Upon returning to the Scranton hearing office, the respondent approached a female

security guard and briefly engaged her in conversation. *Id*. The respondent subsequently approached the security guard a second time and asked her to accompany him to the hearing room. *Id*. After entering the hearing room and speaking with the security guard briefly, the petitioner alleged that the respondent grabbed the security guard by her arm, bruising it, lifted up part of her shirt sleeve, and then kissed her on her lips and grabbed her breast. *Id*. at 7. The security guard pulled away from the respondent, left the hearing room, and contacted a fellow security guard about the incident. *Id*. at 8. Throughout this time, the security guard maintained that she could smell alcohol on the respondent's breath and that at no point did she consent to the respondent's physical or sexual advances. *Id*. at 7-8.

¶4        The petitioner further alleged that, shortly after the incident occurred, the respondent again approached the security guard, who was now stationed at the public security desk, asked her what time she ended work, and proposed that she meet him in the hearing room after work without her gun. *Id*. at 8-9. The security guard rejected the respondent's overtures and left work early to avoid being alone with the respondent. *Id*. at 9. The security guard filed a report with local police and provided a statement to an inspector with the Federal Protective Service. *Id*. After receiving the security guard's complaint, local authorities confirmed that, about a year earlier, another individual had filed a similar complaint against the respondent concerning similar misconduct at the Scranton hearing office, but had declined to press charges. *Id*. at 10.

¶5        The petitioner placed the respondent on administrative leave the following day, and the Scranton police subsequently filed a criminal complaint against the respondent accusing him of two separate acts of indecent assault. *Id*. The respondent pled guilty in January 2013 to one count of simple assault involving the female security guard and was sentenced to probation and a period of house arrest, ordered to pay restitution, and ordered to undergo alcohol counseling. *Id*. at 11.

¶6     After conducting an internal investigation into the respondent's misconduct, the petitioner filed the instant complaint with the Board seeking permission to remove the respondent under 5 U.S.C. § 7521. The respondent filed an answer admitting in relevant part the agency's factual recitation of his consumption of alcohol on July 26, 2012, and his interactions with the security guard. CF, Tab 7 at 7-8. The respondent, however, denied that any of his advances toward the security guard were either unwarranted or nonconsensual, and he further contended that he was disabled based on alcoholism. *Id*. at 7-8, 13. The respondent further admitted that he pled guilty to attempting or recklessly causing bodily injury to the security guard on July 26, 2012, and that he was under the influence of alcohol at the time of the incident. *Id*. at 7-8. In his answer, the respondent also raised affirmative defenses of disability-based disparate treatment, failure to accommodate, and an unfair labor practice based on the petitioner's alleged failure to comply with the provisions of the governing collective bargaining agreement. *Id*. at 12-13.

¶7     After an extensive period of discovery, the assigned administrative law judge held a hearing and issued an initial decision finding good cause for the respondent's removal. CF, Tab 58, Initial Decision (ID). In his initial decision, the administrative law judge made detailed findings of fact based on the documentary and testimonial evidence, and determined that the respondent admitted to the specifications supporting the charge of conduct unbecoming an administrative law judge, and thus sustained the agency's charge. ID at 15.

¶8     The administrative law judge then conducted a detailed *Douglas* factors analysis of the respondent's proposed removal, which included his weighing both aggravating factors and evidence of mitigation that arose after the incident occurred. ID at 16, 22-25. Upon considering all of the evidence, the administrative law judge found that the respondent's removal was supported by good cause. ID at 27. The administrative law judge also denied each of the respondent's affirmative defenses. The administrative law judge found that the

petitioner proposed the respondent's removal not because of his alcoholism, but because of his failure to comply with its general standards of conduct, and that he never informed the petitioner of his alcoholism or his need for a disability-based reasonable accommodation prior to the incidents at issue. ID at 28-29. The administrative law judge also found that the respondent's unfair labor practice affirmative defense was without merit because he failed to establish which provisions of the collective bargaining agreement were violated. ID at 30-32. Finally, the administrative law judge rejected the respondent's arguments that the petitioner failed to take into account any mitigating circumstances in proposing his removal and that it had established a past practice of condoning employees' consumption of alcohol while on duty. ID at 29-33.

¶9        The respondent has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 4. On review, the respondent reasserts that the petitioner failed to establish good cause for his removal, and contends that the administrative law judge substituted his opinion for that of a medical professional when he concluded that the respondent might repeat the same misconduct if he were allowed to remain in his administrative law judge position. *Id.* at 10-15. The respondent also argues that the administrative law judge improperly limited his ability to present medical evidence demonstrating his rehabilitation and sobriety since the incident, discriminated against him by failing to consider a lesser penalty, and erred in denying his disability-based affirmative defenses. *Id.* at 15-22. The petitioner has filed a response in opposition to the petition for review, and the respondent has filed a reply. PFR File, Tabs 6-7.

## DISCUSSION OF ARGUMENTS ON REVIEW

Applicable Law and Burden of Proof.

¶10        The Board has original jurisdiction to adjudicate actions against administrative law judges under 5 U.S.C. § 7521. An agency may take an action against an administrative law judge only for "good cause" as determined by the

Board.  5 U.S.C. § 7521(a); *see* 5 C.F.R. §§ 1201.139-.140.  The petitioning agency must prove good cause by preponderant evidence.  *Department of Labor v. Avery*, 120 M.S.P.R. 150, ¶ 5 (2013), *aff'd sub nom. Berlin v. Department of Labor*, 772 F.3d 890 (Fed. Cir. 2014).  Congress has not defined the term "good cause" for purposes of section 7521, and the Board has adopted a flexible approach in which good cause is defined according to the individual circumstances of each case.  *Id.*  Although "good cause" is not equivalent to the efficiency of the service standard under 5 U.S.C. § 7513 for adverse actions against other Federal employees, the Board has historically looked to such decisions for guidance in determining good cause.  *See Social Security Administration v. Long*, 113 M.S.P.R. 190, ¶ 13 (2010), 635 F.3d 526 (Fed. Cir. 2011).

The petitioner established its charge of conduct unbecoming an administrative law judge.

¶11        The respondent does not challenge the administrative law judge's finding that the petitioner established its conduct unbecoming charge.  PFR File, Tab 4.  We have reviewed the initial decision and agree with the administrative law judge's findings in this regard.  ID at 14-15.  The petitioner commenced an internal investigation into the respondent's conduct shortly after the incident occurred during which he conceded that he was under the influence of alcohol on the afternoon of July 26, 2012.  CF, Tab 1 at 25.  In his answer to the petitioner's complaint, moreover, the respondent admitted that he was under the influence of alcohol on July 26, 2012.  CF, Tab 7 at 12.  The Board has held that an agency can establish its charge through evidence of an employee's admission of relevant facts supporting the charge.  *See Hoofman v. Department of the Army*, 118 M.S.P.R. 532, ¶ 9 (2012), *aff'd*, 526 F. App'x 982 (Fed. Cir. 2013).  Based on these admissions, we agree with the administrative law judge that the petitioner established the respondent was under the influence of alcohol on July 26, 2012, as alleged.

¶12      We further agree with the administrative law judge that the petitioner established that the respondent made nonconsensual physical contact with the security guard on July 26, 2012.  ID at 14-15.  Although the respondent denied in his answer that his advances toward the security guard were nonconsensual, CF, Tab 7 at 7-9, he pled guilty to one count of simple assault[2] involving the security guard, CF, Tab 1 at 11.  Further, the respondent has admitted to pleading guilty to this charge in his answer to the petitioner's complaint, and he admitted to the relevant conduct during hearing testimony.  CF, Tab 7 at 12; ID at 15 (citing hearing testimony).  Based on the record evidence, we find that the respondent made nonconsensual physical contact with the security guard, as alleged.  *See Hoofman*, 118 M.S.P.R. 532, ¶ 9; *see also Raymond v. Department of the Army*, 34 M.S.P.R. 476, 481 (1987) (finding that an employee's guilty plea estopped him from challenging the underlying factual support for a charge of misconduct).  Thus, the agency's charge of conduct unbecoming an administrative law judge is sustained.

The respondent failed to prove his affirmative defenses.

¶13      The respondent asserted four affirmative defenses in his answer to the agency's complaint:  (1) disability discrimination; (2) unfair labor practices, i.e., failure to comply with the respondent's collective bargaining agreement (CBA); (3) failure to engage in the interactive process and provide reasonable accommodation; and (4) failure to give considerable weight to the respondent's medical condition with respect to the penalty of removal.  CF, Tab 7 at 13.  As noted above, the administrative law judge rejected all of the respondent's affirmative defenses, finding that he "provided no significant evidence in support of those defenses during the hearing."  ID at 27.

---

[2] Under Pennsylvania law, an individual is guilty of simple assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa. Con. Stat. § 2701(a)(1) (2014).

¶14      Concerning the respondent's allegations that the agency discriminated against him on account of, and failed to accommodate, his disability of alcoholism, the administrative law judge found that the agency instead sought to remove the respondent because of his egregious misconduct, not his alcoholism, and that prior to the occurrence of the charged misconduct, he did not disclose his disability to the agency or request that the agency provide any accommodation for it.  ID at 28-29.  Moreover, regardless of the respondent's alleged handicapping condition, the administrative law judge found that the respondent still was required to comply with reasonable rules of conduct.  ID at 28.

¶15      In his petition for review, the respondent reiterates his argument that his removal for conduct resulting from alcoholism constitutes disability discrimination, and contends that the agency has an obligation to accommodate his disability.[3]  PFR File, Tab 4 at 17, 19-21.  We agree with the administrative law judge that the record instead reflects that the agency sought to remove the respondent on the basis of his egregious misconduct, not because he is an alcoholic.  ID at 28.  The respondent has failed to identify any basis upon which to disturb the administrative law judge's finding that the respondent failed to establish his claim of disability discrimination based on alcoholism, and we discern none.  *See, e.g.*, *Burton v. U.S. Postal Service*, 112 M.S.P.R. 115, ¶ 16 (2009) (explaining that anti-discrimination statutes do not immunize disabled employees from discipline for misconduct, provided the agency would impose the same discipline on an employee without a disability).  In any event, an agency is never required to excuse a disabled employee's violation of a uniformly-applied, job-related rule of conduct, even if the employee's disability caused the misconduct.  *Fitzgerald v. Department of Defense*, 85 M.S.P.R. 463, ¶ 4 (2000).

¶16      Concerning the respondent's arguments regarding accommodation, we also agree with the administrative law judge that the record does not reflect that the

[3] We assume, without finding, for the purposes of this decision that the respondent suffers from alcoholism.

respondent ever requested accommodation or that the agency was even aware of his alleged disability such that it should have identified the respondent's purported need for accommodation in the absence of a request. ID at 28-29. On review, the respondent reasserts his belief that the agency was or should have been aware that he was an alcoholic before the events at issue in the appeal occurred, and that the agency therefore was required to engage in the interactive process to identify reasonable accommodations for his condition. PFR File, Tab 4 at 21-22. Nevertheless, we agree with the administrative law judge that, even though some agency officials were aware that employees, including the respondent, would have one or two alcoholic beverages at lunch on occasion, that alone does not mean that any of those employees were under the influence of alcohol while on duty, or that the agency should have known that the respondent was an alcoholic. ID at 30-32. Further, we find no merit in the accommodation identified by the respondent on review-that he conduct his hearings solely by video to limit his contact with members of the public. PFR File, Tab 1 at 21.

¶17    Concerning the respondent's allegation that the agency engaged in an unfair labor practice in violation of his CBA, the administrative law judge noted the respondent's failure to even present the CBA in support of this allegation, much less identify any particular provision that the agency allegedly violated. ID at 29. Although the respondent challenges the administrative law judge's observation that he failed to establish that he was a member of a bargaining unit covered by the CBA, ID at 25, he does not challenge the finding that he failed to establish his assertion that the agency engaged in an unfair labor practice, *id.* Furthermore, we concur with the administrative law judge that the respondent failed to show that the agency had created a past practice by tacitly allowing the consumption of alcohol during the workday and that he failed to demonstrate that the agency condoned its employees coming under the influence of alcohol on their lunch breaks. ID at 30-32.

<u>The petitioner has established good cause for the respondent's removal.</u>

¶18    In an original jurisdiction case under 5 U.S.C. § 7521, it is the Board, rather than the employing agency, that selects the appropriate penalty. *Long*, 113 M.S.P.R. 190, ¶ 47. The Board does not give any deference to the agency's proposed penalty as it does to an agency's penalty determination in a chapter 75 appeal. *Id*. The Board, however, uses the factors articulated in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981), to guide its good cause penalty determination under section 7521. *Long*, 113 M.S.P.R. 190, ¶ 47.

¶19    The Board consistently has held that the position of an administrative law judge is one of prominence and that an administrative law judge must not conduct himself in a manner that undermines public confidence in the administrative adjudicatory process. *Id*., ¶ 40. This means, at a minimum, that an administrative law judge must not violate generally accepted rules of conduct. *Id.* The Board also has found that the American Bar Association (ABA) Model Code of Judicial Conduct is an appropriate guide for evaluating the conduct of administrative law judges. *Long*, 113 M.S.P.R. 190, ¶ 41. The ABA Model Code of Judicial Conduct underscores that confidence in the judiciary is eroded by both professional and personal misconduct. *Id*.

¶20    We agree with the administrative law judge's comprehensive consideration of the relevant *Douglas* factors and find that the petitioner has established good cause for the respondent's removal. ID at 17-27. The proven charge and specifications against the respondent are serious and call into question both the respondent's judgment and his role in the administrative adjudicatory process. *See Long*, 113 M.S.P.R. 90, ¶ 42 (finding good cause for an administrative law judge's removal based on a physical altercation with his domestic partner). We agree with the administrative law judge that the respondent's conduct, although limited to a single day, involved several interactions with a female security guard in the workplace over the course of an afternoon, and was more serious than a single instance of misconduct. ID at 18. The respondent's actions, moreover,

have caused his supervisors to lose trust and confidence in his ability to perform his functions as an administrative law judge, thus further supporting his removal. *See Hernandez v. Department of Agriculture*, 83 M.S.P.R. 371, ¶ 9 (1999) (finding that the loss of trust can be a significant aggravating factor in light of the employee's position and responsibilities); ID at 20-21.

¶21    The petitioner also has presented evidence concerning the notoriety of the respondent's misconduct in the local media, which is an aggravating factor supporting a finding of good cause. *See Black v. Department of the Air Force*, 29 M.S.P.R. 133, 137 (1985) (finding that media attention concerning the respondent's misconduct supported removal); ID at 21-22; *cf. Long*, 113 M.S.P.R. 190, ¶ 53 (explaining that lack of notoriety did not outweigh the seriousness of the misconduct).  Portions of the incident, moreover, took place in the public area of the petitioner's office, and several of the respondent's decisions have been appealed specifically referencing this incident.   ID at 22; *see Taylor v. Department of the Navy*, 35 M.S.P.R. 438, 442, 444 (1987) (finding general employee awareness of the charged misconduct to be an aggravating factor), *aff'd*, 867 F.2d 728 (Fed. Cir. 1988) (Table).  We find that there was general awareness of the respondent's misconduct and that these actions have impaired both his ability to perform his duties and the petitioner's operational mission, thus supporting his removal for good cause. *See Black*, 29 M.S.P.R. at 137.

¶22    On review, the respondent argues that the administrative law judge did not sufficiently consider evidence of mitigation, including evidence that post-dates the July 26, 2012 incident, such as his entry into Alcoholics Anonymous and his continued sobriety.  PFR File, Tab 4 at 10-16.  In *Norris v. Securities & Exchange Commission*, 675 F.3d 1349, 1357 (Fed. Cir. 2012), the U.S. Court of Appeals for the Federal Circuit held that, when new evidence relevant to potential mitigation of the imposed penalty is presented to the Board, the Board must consider that evidence in determining whether the agency's imposed penalty was reasonable.  *See Hooper v. Department of the Interior*, 120 M.S.P.R. 658, ¶ 12

(2014). Although the administrative law judge rendered a penalty determination in this case, we find that, under *Norris*, the Board must consider evidence of mitigation arising after the charged misconduct occurred and that such evidence is properly part of the Board's good cause determination. *See Social Security Administration v. Steverson*, 111 M.S.P.R. 649, ¶ 18 (2009) (determining that the Board will consider whatever evidence of record affects the choice of penalty), *aff'd*, 383 F. App'x 939 (Fed. Cir. 2010). For the reasons that follow, however, we disagree with the respondent that the administrative law judge failed to consider such mitigating evidence.

¶23    In conducting his good cause analysis, the administrative law judge summarized the respondent's actions following the July 26, 2012 incident, including his decision to voluntarily admit himself to a chemical dependency treatment program and his participation in Alcoholics Anonymous. ID at 22-23. The administrative law judge also considered the respondent's admission of wrongdoing and found that the totality of the respondent's conduct following the July 26, 2012 incident weighed in his favor. ID at 25. We agree with the administrative law judge, however, that these mitigating factors do not outweigh the seriousness of the respondent's misconduct or the negative repercussions of his actions. *See Hooper*, 120 M.S.P.R. 658, ¶ 15 (finding that a serious charge was not outweighed by post-removal mitigation evidence). We further ascribe little weight to the respondent's admission of wrongdoing, which was made during the petitioner's investigation into his misconduct. *See Singletary v. Department of the Air Force*, 94 M.S.P.R. 553, ¶ 15 (2003) (explaining that an admission of wrongdoing after an agency conducts its investigation is entitled to little or no mitigating weight), *aff'd*, 104 F. App'x 155 (Fed. Cir. 2004). Based on the totality of the factors, we agree with the administrative law judge that the respondent's removal is supported by good cause.

¶24    We further find no merit to the respondent's claim that the administrative law judge improperly limited his ability to present mitigating medical evidence or

that the administrative law judge substituted his judgment for that of a medical professional. PFR File, Tab 4 at 11, 16. An administrative law judge has wide discretion to control the proceedings before him, including the authority to exclude evidence and witnesses that would be irrelevant, immaterial, or redundant. *See Vaughn v. Department of the Treasury*, [119 M.S.P.R. 605](), ¶ 12 (2013). We have reviewed the record below and find that the administrative law judge did not abuse his discretion in excluding any witness or document from the hearing. We agree with the petitioner on review, moreover, that the administrative law judge did not preclude the respondent from calling any medical professional as a witness; rather, we find that the respondent did not propose to call such a witness.[4] PFR File, Tab 6 at 13-14 & n.9. We therefore find no abuse of discretion.

¶25     We further disagree with the respondent that the administrative law judge substituted his opinion for that of a medical professional in contravention of Board precedent concerning the respondent's possible rehabilitation and the likelihood that he would refrain from repeating such misconduct in the future. PFR File, Tab 4 at 11 (citing *McCray v. Department of Defense*, [68 M.S.P.R. 186](), 193 (1995)). In *McCray*, the Board cautioned that, although credibility determinations often assist with the resolution of factual disputes, they cannot simply reflect an adjudicator's opinion on an issue not in dispute, such as the parties' agreement that the appellant in that case had a disability. *See* 68 M.S.P.R. at 193 n.6. Here, however, the administrative law judge did not

---

[4] The record reflects that the administrative law judge granted in part and denied in part the petitioner's motions *in limine* concerning the respondent's proposed witness testimony and his introduction of documentary evidence. CF, Tabs 33-36. As to the petitioner's motion to limit the introduction of medical testimony, the administrative law judge denied the motion and deferred addressing the matter until hearing. CF, Tab 36. We agree with the petitioner that the respondent was not precluded from calling any witness at the hearing. PFR File, Tab 6 at 13-14. We note, moreover, that the respondent only identified five witnesses in his prehearing submission, none of whom were the medical professional he claims was improperly precluded from testifying. CF, Tab 41; PFR File, Tab 4 at 11, 16.

simply express his own opinion as did the administrative judge in *McCray*.[5] Rather, he weighed the totality of the circumstances in determining whether there was good cause supporting the respondent's removal.  ID at 22-24.  Looking to the *Douglas* factors for guidance, the administrative law judge properly weighed whether the respondent was likely to repeat his misconduct in the future and whether some lesser penalty was appropriate.[6]  *Id*.  Such factors are part of the Board's good cause calculus in an original jurisdiction proceeding under section 7521, and we find no error with the administrative law judge's consideration of these issues.  *See Social Security Administration v. Davis*, 19 M.S.P.R. 279, 283 (finding that rehabilitation is just one factor to consider in a proposed removal of an administrative law judge and that rehabilitation, alone, cannot justify a lesser penalty where the misconduct was serious), *aff'd*, 758 F.2d 661 (Fed. Cir. 1984) (Table).

¶26        We also find no merit to the respondent's argument that the administrative law judge erred in his assessment of the respondent's disability-based disparate treatment and failure to accommodate claims.  On review, the respondent focuses a substantial portion of his argument on whether the petitioner had an obligation to accommodate his alcoholism.  PFR File, Tab 4 at 16-23.  Pursuant to the Americans with Disabilities Act (ADA), however, an employer "may hold an employee who engages in the illegal use of drugs or who is an alcoholic to the same qualification standards for employment or job performance and behavior that such entity holds other employees, even if any unsatisfactory performance is

---

[5] In *McCray*, the administrative judge hypothesized on the likely extent of the appellant's limitations in connection with his claim of disability discrimination without relying on any supporting medical evidence.  *See* 68 M.S.P.R. at 193 & n.6.

[6] We construe the respondent's argument that the presiding administrative law judge discriminated against him by failing to impose a lesser penalty as a claim of administrative law judge bias.  PFR File, Tab 4 at 9, 16-17.  The respondent's allegations, though, fail to meet the standard needed to overcome the presumption of honesty and integrity afforded to administrative adjudicators.  *See Brown v. Department of Defense*, 94 M.S.P.R. 669, ¶ 11 (2003).

related to the drug use or alcoholism of such employee." 42 U.S.C. § 12114(c)(4); *see* 29 C.F.R. § 1630.16(b)(4). The Rehabilitation Act of 1973, which applies to the Federal workforce, incorporates this standard. *See Kimble v. Department of the Navy*, 70 M.S.P.R. 617, 621-22 (1996).

¶27     Accordingly, although alcoholism is a disability within the meaning of the Rehabilitation Act, *see* 29 C.F.R. § 1615.103, neither the Rehabilitation Act, nor the ADA, immunizes disabled employees from being disciplined for misconduct in the workplace, provided the agency would impose the same discipline on an employee without a disability, *see Burton v. U.S. Postal Service*, 112 M.S.P.R. 115, ¶ 16 (2009). We find no support for the respondent's assertion that the petitioner would have proposed a different action had the respondent not suffered from alcoholism, and we thus find no merit to the respondent's contention that the agency's allegedly differing treatment of him based on his alcoholism serves as a mitigating factor. *See Avery*, 120 M.S.P.R. 150, ¶ 11 (recognizing that a claim of disparate treatment may be part of the larger good cause calculus).

¶28     We similarly find that the respondent's argument that the petitioner failed to accommodate his alcoholism does not establish a basis for mitigating the proposed removal. PFR File, Tab 4 at 21-23. As noted above, we agree with the administrative law judge that the respondent did not inform the petitioner of his need for an alcoholism-related accommodation prior to the July 26, 2012 incident and that the petitioner's removal proposal is based neither on the respondent's proffered disability nor his need for an accommodation, but on his established misconduct in violation of the petitioner's general standards of conduct. ID at 28-29. The Board has recognized that an agency must engage in the interactive process when it is aware of an employee's need for a possible reasonable accommodation. *See Gonzalez-Acosta v. Department of Veterans Affairs*, 113 M.S.P.R. 277, ¶ 15 (2010). The Board also has found, however, that there can be no denial of reasonable accommodation if an employee never requested such an accommodation while employed. *Clemens v. Department of the Army*,

[120 M.S.P.R. 616](#), ¶ 12 (2014).  Here, there is no evidence that the respondent requested such an accommodation,[7] and we agree with the administrative law judge that the respondent's failure to accommodate arguments present no basis for mitigating the proposed removal for good cause.

¶29        Finally, the respondent's argument that the petitioner established a past practice of permitting alcohol consumption during the workday is unrelated to the charged misconduct in this case and does not constitute a valid rationale for mitigating the proposed removal.[8]  PFR File, Tab 4 at 23-24.  Based on the foregoing, we concur with the administrative law judge that the petitioner established good cause for the respondent's removal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  Title 5 of the United States Code, section 7702(b)(1) ([5 U.S.C. § 7702](#)(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

---

[7] We further find unpersuasive the respondent's argument that the petitioner was constructively aware of his alcoholism, and we agree with the administrative law judge's factual findings that the respondent's supervisors and colleagues were unaware of his alcoholism.  ID at 30-33.

[8] The respondent has not specifically challenged the administrative law judge's finding that he failed to establish a violation of the CBA.  ID at 29-32.  The respondent argued below that the petitioner had established a past practice of allowing employees to consume alcohol during the workday.  ID at 31.  We find that, even if the respondent had proven the existence of such a past practice, which we find he did not, it would not serve as a mitigating factor supporting a lesser penalty in this case.

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to

representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.