NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEE ALLBEE,**
*Petitioner*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent*

---

2021-1608

---

Petition for review of the Merit Systems Protection Board in No. DA-0752-20-0238-I-1.

---

Decided: February 22, 2022

---

JENNIFER DUKE ISAACS, Melville Johnson PC, Atlanta, GA, for petitioner.

VIJAYA SURAMPUDI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., LOREN MISHA PREHEIM.

---

Before LOURIE, SCHALL, and TARANTO, *Circuit Judges*.

SCHALL, *Circuit Judge*.

## DECISION

Lee Allbee petitions for review of the final decision of the Merit Systems Protection Board ("Board") that affirmed the action of U.S. Customs and Border Protection ("CBP" or "agency") removing him from his position of GS-14 Supervisory Border Patrol Agent. *Allbee v. Dep't of Homeland Sec.*, No. DA-0752-20-0238-I-1, 2020 WL 6448868 (M.S.P.B. Oct. 26, 2020), App. 1.[1] We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9). For the reasons set forth below, we *affirm*.

## DISCUSSION

### I

CBP, which is a component of the Department of Homeland Security, removed Mr. Allbee based upon three charges: submission of reimbursement claims for unauthorized travel expenses (25 specifications) (Charge 1); making unauthorized cash withdrawals on a government travel card (Charge 2); and failure to cooperate in an official investigation (Charge 3). App. 3. Mr. Allbee timely appealed his removal to the Board. Before the Board, the appeal was heard upon the administrative record without a hearing. In a decision dated October 26, 2020, the administrative judge ("AJ") to whom the appeal was assigned affirmed the removal. App. 1. The AJ found that, although the agency had failed to prove Charges 2 and 3, it had proved 20 of the 25 specifications in Charge 1. App. 6–26. The AJ also found that the agency had demonstrated a nexus between Mr. Allbee's misconduct and the efficiency of the service, App. 32, and that the penalty of removal was

---

[1]    Our citations to "App." refer to the Petitioner's Corrected Appendix, filed Nov. 22, 2021 (Dkt. No. 48).

reasonable, App. 32–36. The AJ's initial decision became the final decision of the Board on November 30, 2020.

## II

Our review of the Board's decision is limited by statute. We must affirm a final decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Hayes v. Dep't of the Navy*, 727 F.2d 1535, 1537 (Fed. Cir. 1984). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. Nat'l Labor Rels. Bd.*, 305 U.S. 197, 229 (1938).

## III

Between July 27, 2014, and September 6, 2015, Mr. Allbee was on long-term temporary duty ("TDY") status. App. 2. In Charge 1, CBP alleged that, when Mr. Allbee submitted expense vouchers for the TDY period, he sought reimbursement for expenses that he was not allowed to claim under the pertinent regulations. App. 6–26. As noted, the AJ sustained 20 of the 25 specifications in Charge 1 and affirmed Mr. Allbee's removal. On appeal, Mr. Allbee advances several claims of error. *First*, he argues that the AJ erred when she ruled, App. 4–5, that the agency did not have to prove that Mr. Allbee had fraudulent intent when he submitted the vouchers at issue in Charge 1. Allbee Br. 16–21. *Second*, he claims that the AJ's finding that the agency had proved 20 of the 25 specifications by a preponderance of the evidence, App. 6–26, is not supported by substantial evidence. Allbee Br. 21–34. *Third*, Mr. Allbee urges that, contrary to the AJ's finding, App. 32, the agency failed to demonstrate a nexus between the misconduct alleged in Charge 1 and the efficiency of the service. Allbee Br. 34–35. And *fourth*, Mr. Allbee argues that the AJ erred in finding that the penalty of removal was reasonable. *See*

App. 32–36; Allbee Br. 35–40. We address Mr. Allbee's contentions in turn.

IV

In her initial decision the AJ pointed out that neither Charge 1 itself nor the individual specifications in the charge referred to a specific intent. App. 4. Charge 1 is titled "Submission of Reimbursement Claims for Unauthorized Travel Expenses," and the charge does not refer to any intent on the part of Mr. Allbee. *See* App. 46–50. A charge such as this "does not turn on proof of intent." *Hamilton v. U.S. Postal Serv.,* 71 M.S.P.R. 547, 555–56 (1996) (holding that failure to follow instructions does not require proof of intent); *see also Boyd v. Dep't of Veterans Affairs*, 740 F. App'x 710, 713 (Fed. Cir. 2018) ("It is not necessary for the agency to prove that a failure to follow instructions was intentional.").

Neither are we persuaded by Mr. Allbee's argument that CBP failed to prove 20 of the 25 specifications in Charge 1. We have reviewed both the 20 specifications and the evidence of record in support of them. The AJ's finding that the agency proved the specifications by a preponderance of the evidence is supported by substantial evidence.

Under 5 U.S.C. § 7513(a) an agency may remove an employee only for such cause as will promote the efficiency of the service. In that regard, the agency must prove there is a nexus between the articulated grounds for an adverse action and either the employee's ability to accomplish his or her duties satisfactorily or some other legitimate government interest. *Hoofman v. Dep't of the Army*, 118 M.S.P.R. 532, 540 (2012), *aff'd* 526 F. App'x 982 (Fed. Cir. 2013). In this case, the AJ found that there was "a clear nexus between the sustained charge and the efficiency of the service." App. 32. The AJ found that Mr. Allbee's misconduct "occurred at work and involve[d] his violation of policies related to . . . his requests for reimbursement of travel expenses." App. 32. We see no error in this finding. Mr.

Allbee's sole argument with respect to the AJ's nexus determination is that "he was removed approximately six (6) years after the alleged misconduct occurred and after his temporary assignment ended." Allbee Br. 35. We agree with the government that this fact is not relevant in determining nexus.

Turning to Mr. Allbee's final argument, as far as penalty is concerned, we have stated that the Board's "role in [assessing the penalty] is not to insist that the balance be struck precisely where the Board would choose to strike it if the Board were in the agency's shoes in the first instance" but rather "to assure that the agency did conscientiously consider the relevant factors and did strike a responsible balance within tolerable limits of reasonableness." *Norris v. S.E.C.*, 675 F.3d 1349, 1355 (Fed. Cir. 2012) (citations omitted). In this case, the AJ found that the agency had considered the relevant factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.B. 313, 331–32 (1981), in determining whether the penalty imposed upon Mr. Allbee was reasonable. *See* App. 33–36. We have carefully considered Mr. Allbee's arguments to the contrary. *See* Allbee Br. 36–40. None of them has persuaded us that, in imposing the penalty of removal, CBP abused its discretion.

Finally, in addition to the arguments addressed above, we have considered several additional contentions raised by Mr. Allbee. We have determined that none of them warrant disturbing the Board's final decision.

## CONCLUSION

For the foregoing reasons, we affirm the final decision of the Board affirming Mr. Allbee's removal.

### **AFFIRMED**

## COSTS

No costs.