**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MARK ALLEN WILLIAMS,
Appellant,

v.

UNITED STATES POSTAL SERVICE,
Agency.

DOCKET NUMBER
CH-0752-13-0565-I-2

DATE: November 20, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Matthew P. Lynch, Louisville, Kentucky, for the appellant.

David E. Mapp, Esquire, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained the appellant's demotion.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The agency proposed to remove the appellant from the EAS-22 position of Postmaster based on two specifications of the charge of improper conduct. MSPB Docket No. CH-0752-13-0565-I-1 (I-1), Initial Appeal File (IAF), Tab 4 at 23-26. The agency specified that the appellant's statements during a workplace-environment-complaint investigation in 2012 lacked candor because he denied having a sexual relationship with a subordinate employee, despite the fact that the relationship had been ongoing from late 2011. *Id*. The agency also specified that the appellant violated the Employee and Labor Relations Manual (ELM) when, in early 2013, after the subordinate female employee ended the relationship and spurned the appellant's advances, he sent her an email telling her and her ex-husband to keep their distance and warning that, if they did not, he would contact child protective services so that they would have their children taken from them. *Id*. The deciding official mitigated the penalty to a demotion to a Part-Time Flexible Clerk. *Id*. at 16-21.

¶3 After the agency had issued the notice of proposed removal, the appellant filed an equal employment opportunity (EEO) complaint alleging that the agency's action constituted retaliation for his earlier filed EEO complaint. I-1,

IAF, Tab 6 at 13-17. Subsequently, the issues in the complaint were expanded to include the demotion action. *Id.* at 16. Before the EEO complaint had been pending for 120 days, the appellant filed this Board appeal. I-1, IAF, Tab 1. The administrative judge dismissed the appeal as premature, without prejudice to refiling. I-1, IAF, Tab 10. After his EEO complaint had been pending for more than 120 days, the appellant refiled his appeal. MSPB Docket No. CH-0752-13-0565-I-2 (I-2), IAF, Tab 1.

¶4 Based on the record evidence, including the testimony at the hearing held on November 21, 2013, the administrative judge found that the agency proved its charges. I-2, IAF, Tab 18, Initial Decision (ID). She found that the agency proved that, during the workplace-environment-complaint investigation in the spring of 2012, the appellant responded to questions in such a manner to lead investigators to believe that he did not have a relationship with the subordinate employee. However, the administrative judge found that his subsequent admission that the affair had begun before the spring of 2012 and continued until December 2012, showed that the appellant's responses to the workplace environment complaint investigation showed a lack of condor. ID at 7-8. She also found that the appellant's email warning his subordinate employee that he would go to child protective services violated the ELM provision that there must be no tolerance of harassment, intimidation, threats, or bullying by any employee at any level. ID at 3-7.

¶5 Additionally, the administrative judge found that the appellant failed to prove his affirmative defense of retaliation. She found that the agency's disciplinary action was in process prior to the appellant's filing of his retaliation complaint, as evidenced by the fact that the notice of proposed removal was issued before the appellant filed his complaint. ID at 9. Further, she found that the appellant failed to show that the deciding official was aware of the appellant's prior EEO activity. ID at 9.

¶6      Finally, she found that the penalty was reasonable.  She determined that the appellant's conduct became known to his subordinate employees, opening the agency to the perception of favoritism, which in turn created morale problems. ID at 10.  She also found that the deciding official properly considered that the appellant failed to show factors that might demonstrate an ability to be rehabilitated, and weighed positively that the appellant had no prior discipline and many years of service.  ID at 10-11.

¶7      In his petition for review,[2] the appellant asserts that the administrative judge violated 5 C.F.R. § 1201.156(a) in that the initial decision was issued after the 120-day deadline set by the Board for issuance of an initial decision in a mixed-case appeal.  I-2, Petition for Review File, Tab 1.  Although the record reflects that the time between the date that the appellant refiled his appeal and the date that the administrative judge issued the initial decision exceeded 120 days, because the appellant has shown no prejudice to his substantive rights as a result of this error, we will not set aside the initial decision on these grounds.  Even assuming that the administrative judge's delay in issuing an initial decision constituted a procedural error, such delay is of no legal consequence because the appellant failed to show how it adversely affected his substantive rights. *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981).

¶8      Next, the appellant asserts that the administrative judge misidentified the agency official who held a predisciplinary meeting in February 2013, during which the appellant became aware that the subordinate employee had informed agency managers of her sexual relationship with the appellant.  It is undisputed that the administrative judge identified the wrong official, as the appellant asserts.  However, even if this error arises to the level of adjudicatory error, the appellant has failed to show that he was harmed by it.  The administrative judge properly recounted the content of the exchange between the appellant and the

---

[2] The agency filed an untimely response to the appellant's petition for review, Petition for Review File, Tab 3, and thus we have not considered it.

official at this meeting. Thus, the error did not harm the appellant's substantive rights. An adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

¶9        The appellant also appears to assert that the agency failed to prove the specification of lack of candor because, during the workplace investigation, he was not asked directly whether he had an affair with one of his female subordinates. We disagree. Lack of candor is a "broad[ ] and . . . flexible concept whose contours and elements depend on the particular context and conduct involved." *Ludlum v. Department of Justice*, 278 F.3d 1280, 1284 (Fed. Cir. 2002). Such a charge does not require proof of intent, but rather "involve[s] a failure to disclose something that, in the circumstances, should have been disclosed in order to make the given statement accurate and complete." *Id*.

¶10        The appellant was not entirely candid with agency investigators when he failed to admit to having had a sexual relationship with a coworker during the workplace investigation. By the appellant's admission subsequent to the workplace investigation, at the time of the investigation, he was having an affair with the coworker, and it was the perception by some of his subordinates that he favored that female employee that prompted the investigation. *See* I-1, IAF, Tab 4 at 38-56, 58-60. Although the investigator may not have asked the appellant whether he was having an affair with the subordinate employee, whom other employees perceived as receiving favoritism, the appellant was aware of the basis of the investigation, and the agency terminated the investigation based on the appellant's denial of a relationship with the subordinate employee. Whether the appellant denied the relationship in response to direct questions by the investigator or volunteered the false information, he failed to disclose something that under the circumstances should have been disclosed to make his response to the investigation accurate and complete. We thus concur with the administrative judge that the appellant's response to agency investigators was less than complete

because it impermissibly left investigators with the impression that he had not had an affair with the subordinate employee, when in fact he had. *See, e.g.*, *Hoofman v. Department of the Army*, 118 M.S.P.R. 532, ¶¶ 13–15 (2012) (finding that the appellant lacked candor when he failed to explain the circumstances surrounding his leave request and he attempted to cover up his wrongdoing), *aff'd*, 526 F. App'x 982 (Fed. Cir. 2013). We therefore agree with the administrative judge's finding that the agency proved lack of candor.

¶11　　　The appellant contends, moreover, that the administrative judge erred in finding that his relationship with the subordinate employee and the emails that he sent to his subordinate employee, after she spurned his advances, asking for sex and threatening to inform child protective services that she was an unfit parent violated the ELM. The appellant's assertion is unavailing. The appellant's proven lack of candor violated the ELM provision that employees must cooperate in any U.S. Postal Service investigation, a provision that the agency cited in the notice of proposed removal. *See* I-1, IAF, Tab 4 at 25. Also, his alleged favorable treatment of the subordinate employee, which precipitated the workplace investigation and his threatening emails, violated the Federal Standards of Ethical Conduct referenced in the ELM that provides that employees are expected to maintain harmonious working relationships and not to do anything that would contribute to an unpleasant working environment. *Id.* Additionally, his emails, which escalated the email exchange between him and his subordinate employee to threats against her, violated the ELM provision laying out the policy of the U.S. Postal Service that there be no tolerance of violence, threats, harassment, intimidation, or bullying by anyone at any level, and that violation of this policy might result in discipline. *Id.*

¶12　　　Furthermore, the appellant makes a bare assertion that other employees have not been disciplined as harshly for similar misconduct. Where, as here, all of the agency's charges are sustained, the agency's penalty determination is entitled to deference and should be reviewed only to determine whether it is

within the parameters of reasonableness. *See Payne v. U.S. Postal Service*, 72 M.S.P.R. 646, 650 (1996). Among those factors the Board will review in determining the reasonableness of the penalty is its consistency with those imposed upon other employees for the same or similar offenses. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305–06 (1981). The appellant's allegation that the agency treated him disparately compared to another employee, without claiming prohibited discrimination, is an allegation of disparate penalties. *Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, ¶ 5 (2010). The agency's burden to prove consistency of penalties is triggered when there is enough similarity between both the nature of the misconduct and other factors to lead a reasonable person to conclude that the agency treated similarly-situated employees differently. *Boucher v. U.S. Postal Service*, 118 M.S.P.R. 640, ¶¶ 20, 24 (2012). Here, the appellant failed to identify any employee who committed similar misconduct and received a lesser penalty. As a result, the administrative judge properly deferred to the agency's penalty selection.[3]

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

---

[3] The agency placed the appellant in off-duty status without pay prior to effecting his demotion. IAF, Tab 4 at 35. The appellant identified this action in his petition for appeal. IAF, Tab 1. The administrative judge made no findings on this issue. *See* ID. The appellant has not made any allegations regarding his placement in off-duty status in his petition for review. Thus, we find that the appellant has abandoned any claims regarding the agency's placing him in off-duty without pay status.

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to

representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.