**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KEVIN J. LEBEAU,<br>　　　　　Appellant, | DOCKET NUMBER<br>PH-0752-20-0001-I-1 |
| 　　　v. | |
| DEPARTMENT OF THE NAVY,<br>　　　　　Agency. | DATE: August 26, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Noelle Clapham, Esquire, Providence, Rhode Island, for the appellant.

Colleen M. Shook, Norfolk, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which affirmed his removal based on the charges of unauthorized removal of Government property, unauthorized sale of Government property, and misuse of a Government vehicle. Generally, we grant petitions such as this one only in the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the agency established a nexus between the appellant's misconduct and the efficiency of the service, we AFFIRM the initial decision.

¶2      On petition for review, the appellant challenges the administrative judge's fact and credibility findings regarding the charges of unauthorized removal and unauthorized sale of Government property. Petition for Review (PFR) File, Tab 1 at 4-10. He largely repeats his arguments from his prehearing submission, including his assertion that he never took and sold any Government-owned scrap metal from the naval base. *Id.*; Initial Appeal File (IAF), Tab 27 at 4-5. He does not challenge the misuse of an assigned Government vehicle (GOV) charge and admits again to "negligible use" of his GOV for personal reasons to transport scrap metal, which he maintains that he obtained off-base. PFR File, Tab 1 at 5, 8; IAF, Tab 27 at 5. Finally, regarding the penalty, he argues that misuse of a GOV, the only misconduct to which he admits, warrants only a suspension and not removal. PFR File, Tab 1 at 9.

¶3      The appellant's arguments on review constitute mere disagreement with the administrative judge's findings and are unavailing. The administrative judge thoroughly reviewed the record evidence and made reasoned credibility findings

in sustaining all three charges,[2] including the misuse of GOV charge that the appellant does not challenge on review, and we find that the appellant has presented no basis for disturbing the initial decision. IAF, Tab 38, Initial Decision (ID) at 14-17; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987). Although the appellant raises an argument about the maximum reasonable penalty for his misuse of a GOV, PFR File, Tab 1 at 5, 8-9, the administrative judge properly sustained all three charges, ID at 14-17. The record supports the administrative judge's finding that the penalty of removal was reasonable and that the deciding official had considered the relevant factors. ID at 17-18; *see Pinegar v. Federal Election Commission*, 105 M.S.P.R. 677, ¶ 53 (2007) (stating that, when all of the agency's charges are sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within the tolerable limits of reasonableness); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).

---

[2] The agency charged the appellant with 25 specifications of unauthorized sale of Government property between August and December 2018, all concerning scrap metal sold to the same private company. IAF, Tab 7 at 39-41. On review, the appellant generally denies ever selling any Government property. PFR File, Tab 1 at 4-8. The documentary evidence in the record contains detailed receipts from the company to which the appellant sold the scrap metal, and he has not challenged their authenticity. IAF, Tab 36 at 4-23; PFR File, Tab 1 at 4-9. Rather, he disputes the origin of the scrap metal, maintaining throughout his appeal that he did not obtain it on the naval base. PFR File, Tab 1 at 4-5; IAF, Tab 27 at 4-5. The administrative judge considered this argument below, and after assessing record and testimonial evidence including the appellant's own testimony, the administrative judge found that the weight of the evidence was sufficient to support the deciding official's finding that the scrap metal in question had come from the naval base. IAF, Tab 38, Initial Decision at 16-17. The appellant has not provided a basis for disturbing this well-reasoned finding on review.

¶4      In addition to the requirement that an agency prove its charges against the appellant, the agency must also prove that there is a nexus, i.e., a clear and direct relationship between the articulated ground for the adverse action and either the appellant's ability to accomplish his duties satisfactorily or some other legitimate interest. *Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶ 8 (2010); *see* 5 C.F.R. § 752.403(a) (stating that an agency may take an adverse action only for such cause as will promote the efficiency of the service). Here, the administrative judge did not make an explicit finding regarding the nexus between the sustained misconduct and the efficiency of the service. ID at 14-19. Neither party raised this issue on review. Nonetheless, we find that the appellant was not prejudiced by the administrative judge's omission because the record clearly supports a finding of nexus. PFR File, Tab 1 at 4-10, Tab 4 at 4-10; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶5      It is well established that a nexus exists between the efficiency of the service and the charge of misuse of Government property. *See Els v. Department of the Army*, 82 M.S.P.R. 27, ¶ 11 (1999). The Board has also found nexus for an employee's off-duty misuse of a GOV. *See Hoofman v. Department of the Army*, 118 M.S.P.R. 532, ¶ 16 (2012) (finding a nexus between the appellant's use of a Government-owned vehicle for other than official purposes while off duty), *aff'd*, 526 F. App'x 982 (Fed. Cir. 2013). Moreover, as the administrative judge discussed, the deciding official found in his written *Douglas* factors analysis that appellant's position involved responsibility for over 350 pieces of equipment on the base and that his multiple acts of serious misconduct "significantly erode[d] the ability of the chain of command to trust" him. ID at 10; IAF, Tab 7 at 12; *see Doe v. Department of Justice*, 113 M.S.P.R. 128, ¶ 20 (2010) (noting that one method by which agency can prove nexus between noncriminal off-duty misconduct and the efficiency of the service is to demonstrate that the misconduct

adversely affects the agency's trust and confidence in the appellant's job performance). Therefore, we find that the agency established a nexus between the sustained off-duty misconduct and the efficiency of the service.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                         /s/ for
                                       Jennifer Everling
                                       Acting Clerk of the Board
Washington, D.C.