# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JUSTIN LEE PAYTON,
                    Appellant,

          v.

DEPARTMENT OF JUSTICE,
                    Agency.

DOCKET NUMBER
AT-0752-15-0696-I-1

DATE: June 30, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ross Nabatoff, Washington, D.C., for the appellant.

Susan E. Gibson, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which sustained his removal.  Generally, we grant petitions such as this one only in the following circumstances:   the initial decision contains erroneous findings of

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

[2]  Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review.  Except as expressly MODIFIED to clarify the analysis applicable to the appellant's claim of disparate penalties, we AFFIRM the initial decision.

## BACKGROUND

¶2	The agency removed the appellant from his Deputy U.S. Marshal position, which is a law enforcement officer position, based on the charges of conduct unbecoming a Deputy U.S. Marshal (2 specifications), criminal misconduct (2 specifications), and lack of candor (3 specifications).  Initial Appeal File (IAF), Tab 28, Initial Decision (ID) at 2, Tab 5 at 14.  All three charges stem from the events that occurred during an off-duty boating trip on July 28, 2012. ID at 2; IAF, Tab 5 at 89-103.  Charge one alleged that the appellant engaged in inappropriate behavior unbecoming a Deputy U.S. Marshal.  ID at 2; IAF, Tab 5 at 90-96.  The agency specified as follows:  (1) the appellant gave alcoholic beverages to a 15-year-old child; and (2) he inappropriately touched her.  ID at 2; IAF, Tab 5 at 90-96.  Charge two alleged criminal conduct based upon the

appellant's subsequent guilty plea to the misdemeanor of disorderly intoxication.[3] ID at 2; IAF, Tab 5 at 96. Finally, charge three alleged that the appellant lacked candor when he provided statements denying that he inappropriately touched the minor, commented that she was "hot," and gave the minor alcohol (Corona beers). ID at 2, 11; IAF, Tab 5 at 97-101.

¶3    The appellant filed an appeal with the Board disputing that the agency proved the charged misconduct. IAF, Tab 1, Tab 17 at 6-7. The appellant also argued that the penalty was unreasonable and raised a claim of disparate penalties. IAF, Tab 17 at 6-7. After holding the appellant's requested hearing, the administrative judge sustained all three charges and affirmed the agency's removal action. ID at 10-11, 16. In reaching his decision, the administrative judge found that there was nexus between the appellant's proven misconduct and the efficiency of the Federal service, that the appellant failed to prove his claim of disparate penalties, and that the removal penalty was reasonable. ID at 11-16.

¶4    The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition to the appellant's petition for review, and the appellant has replied. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    On review, the appellant challenges the administrative judge's credibility determinations and his finding that the agency proved the charges of conduct unbecoming a Deputy U.S. Marshal and lack of candor. PFR File, Tab 1 at 5-18. The appellant also disputes the administrative judge's findings on nexus, and he reasserts his disparate penalties claim, challenging the reasonableness of the removal penalty. *Id.* at 18-23.

---

[3] Charge two originally contained an additional specification struck by the administrative judge during the prehearing conference. ID at 2 n.1.

<u>The administrative judge properly found that the agency proved the charge of conduct unbecoming a Deputy U.S. Marshal.[4]</u>

¶6    A general charge such as conduct unbecoming does not require specific elements of proof.  It is established by proving that the employee committed the acts alleged in support of the broad label.  *See Canada v. Department of Homeland Security*, <u>113 M.S.P.R. 509</u>, ¶ 9 (2010).  The administrative judge sustained the charge of conduct unbecoming a Deputy U.S. Marshal as specified, based on explicit credibility findings from his observation of the witnesses' testimony at the hearing.  ID at 6-11.  The administrative judge found the agency's witnesses more credible than the appellant's denial that he committed the acts specified in the charge.  ID at 4-11.  In support of his finding that the appellant was not credible, the administrative judge credited the testimony of two witnesses, both of whom were wives of U.S. Secret Service Special Agents, that they saw the appellant give beer to the minor.  ID at 10.  The administrative judge also credited the testimony of a Special Agent (the minor's step-father) and the wife of another Special Agent that they saw the appellant inappropriately touching the minor on her inner thigh and/or in an intimate area under her shorts.  ID at 4-5, 11.  The administrative judge found that this testimony was credible evidence that the appellant engaged in conduct unbecoming a Deputy U.S. Marshal as specified by the agency.  ID at 11.

¶7    On review, the appellant asserts that the administrative judge erred in sustaining the specifications of this charge.  PFR File, Tab 1 at 4.  He challenges the administrative judge's credibility findings by arguing that the minor's hearsay statement to the Office of Inspector General (OIG) investigator is the only proof that he gave her Corona brand beers as specified in the charge, and her statement should not be credited over his sworn denial that he committed the specified

---

[4] On review, the appellant does not dispute the administrative judge's finding that the agency proved the charge of criminal misconduct based on his no contest plea to a second degree misdemeanor of disorderly intoxication.

misconduct. *Id.* at 6. The appellant further argues that the administrative judge ignored the agency's failure to prove that he gave the minor Corona beers and that several people in the group said that they did not see him give her alcohol. *Id.* at 5-10.

¶8 Concerning the administrative judge's consideration of the minor's statement to the OIG, which the appellant argues is impermissible hearsay evidence, it is well settled that relevant hearsay evidence is admissible in Board proceedings and the assessment of the probative value of hearsay evidence necessarily depends on the circumstances of each case. *See Crawford-Graham v. Department of Veterans Affairs*, 99 M.S.P.R. 389, ¶ 20 (2005); *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 83-84 (1981). Moreover, the essence of the charged misconduct is that the appellant provided the minor with alcohol. The dispositive issue is not the brand of beer, and the administrative judge did not rely solely on the minor's statement in finding that the agency proved the charge. The administrative judge credited the testimony of two witnesses, both of whom were wives of U.S. Secret Service Special Agents, that they saw the appellant give beer to the minor. ID at 10. To the extent that the appellant is arguing that the administrative judge failed to consider evidence that not everyone in the group observed him give alcohol to the minor, the administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision. *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

¶9 The appellant also argues on review that, in finding that he inappropriately touched the minor, the administrative judge ignored inconsistencies in the testimony of the agency's witnesses concerning "the seating arrangement at the restaurant" and their descriptions of where they observed his hand on the minor's body. PFR File, Tab 1 at 11-15. We find that the minor inconsistencies identified by the appellant are insufficient to render incredible the testimony of the witnesses credited by the administrative judge in finding that the agency

proved the charged misconduct as specified. *See Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 5 (2011) (holding that minor inconsistencies do not necessarily render a witness's testimony incredible). The Board must defer to an administrative judge's credibility determinations when, as here, they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).

¶10    The administrative judge credited the agency's three witnesses who testified, inter alia, that they saw the appellant give the minor beer and touch her inner thigh or higher. ID at 6. The administrative judge found, among other things, that it was inherently improbable that these witnesses would make up these types of allegations, considering that they socialized regularly with the appellant and had no apparent animosity toward him. *Id.* We have considered the appellant's arguments on review, but we find that there are not "sufficiently sound" reasons on this record to overturn the administrative judge's findings that the appellant was not credible when he denied giving beer to the minor and inappropriately touching her thigh. *See Haebe*, 288 F.3d at 1301. Accordingly, we agree with the administrative judge that the agency proved both specifications of the conduct unbecoming charge. ID at 10-11.

The administrative judge properly found that the agency proved the lack of candor charge.

¶11    The administrative judge found that the agency proved the lack of candor charge as specified because the appellant falsely told an investigator from the agency's OIG that he did not inappropriately touch the minor, he never said that the minor was "hot," and he did not give the minor alcoholic beverages, despite preponderant evidence that he did so. ID at 4-6, 11. The administrative judge further found that the appellant unequivocally denied inappropriately touching the minor when he was interviewed by local police. ID at 5. The administrative judge found that the appellant's denials were not credible, considering, among

other things, that the minor informed the OIG investigator that the appellant repeatedly put his hand on her thigh, although she kept removing it, and that he had been giving her Corona beer to drink. ID at 7-8. The minor also told the investigator that the appellant told her that she was "hot" on a prior boat trip. ID at 5, 8. Although the minor did not testify at the hearing and her statement was unsworn, the administrative judge considered this evidence in addition to the highly credible hearing testimony provided by the adults who witnessed the specified misconduct and contradicted the appellant's version of events.[5] ID at 4-11. The administrative judge also considered it particularly damaging to the appellant's credibility that he sent text messages to a Secret Service agent and a Supervisory U.S. Marshal, before their group boating trip, indicating that he was sexually interested in 14- to 16-year-old girls.[6] ID at 9.

¶12 The appellant further argues on review that the administrative judge's analysis of the witnesses' testimony did not conform to the Board's requirements in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987); however, we find that the administrative judge thoroughly set forth the evidence and properly applied the *Hillen* analysis in making his well-reasoned, demeanor-based

---

[5] In *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶ 17 (2016), the Board clarified that a charge of lack of candor requires proof of the following elements: (1) that the employee gave incorrect or incomplete information; and (2) that he did so knowingly. Here, although the administrative judge did not explicitly apply the second prong of *Fargnoli* in assessing this charge, he made comprehensive credibility determinations sufficient to satisfy the same. *E.g.*, ID at 6-10. In light of these determinations, his failure to explicitly rely on *Fargnoli* does not provide a basis for remanding the matter. *Cf. Fargnoli*, 123 M.S.P.R. 330, ¶ 18 (remanding for further analysis on the lack of candor charge when the administrative judge made no findings as to whether the appellant knowingly gave incorrect or incomplete information).

[6] The appellant characterizes his text message as a joke and considers it "ludicrous" that the administrative judge considered this evidence in sustaining the charge. PFR File, Tab 1 at 15. We find that the administrative judge properly considered the appellant's text message about his sexual interest in young girls as a relevant factor in determining his credibility. *See Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (listing the inherent probability of a witness's version of events as one of many factors to be considered in making a credibility determination).

determination that the agency's witnesses were more credible than the appellant. PFR File, Tab 1 at 11, 17-18; ID at 6-10. We discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *See Haebe*, 288 F.3d at 1301 (finding that the Board must defer to an administrative judge's credibility determinations when they are based on observing the demeanor of witnesses testifying at a hearing); *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

<u>The appellant has failed to establish that the administrative judge erred in finding that the agency established nexus between his off-duty misconduct and the efficiency of the service.</u>

¶13 In addition to the requirement that the agency prove its charges, the agency also must prove that there is a nexus to the efficiency of the service, i.e., a clear and direct relationship between the articulated grounds for an adverse action and either the appellant's ability to accomplish his duties satisfactorily or some other legitimate Government interest. *Hoofman v. Department of the Army*, 118 M.S.P.R. 532, ¶ 16 (2012), *aff'd*, 526 F. App'x 982 (Fed. Cir. 2013). An agency may show nexus between off-duty misconduct and the efficiency of the service by three means: (1) a rebuttable presumption in certain egregious circumstances; (2) preponderant evidence that the misconduct adversely affects the appellant's or coworkers' job performance or the agency's trust and confidence in the appellant's job performance; or (3) preponderant evidence that the misconduct interfered with or adversely affected the agency's mission. *Id.*

¶14 On review, the appellant argues that there is no nexus between the efficiency of the service and his off-duty criminal misconduct charge. He bases his argument on the erroneous presumption that the agency failed to prove the remaining charges of lack of candor and conduct unbecoming. PFR File, Tab 1

at 18-20.  In finding that the agency met its burden on nexus, the administrative judge found that nexus should be presumed for the appellant's proven lack of candor and that his proven criminal conduct is antithetical to the agency's law enforcement mission, especially considering that the appellant is a law enforcement officer.  ID at 12.  The administrative judge also found nexus between the proven misconduct and the efficiency of the service because:

> The appellant, as a law enforcement officer, carried a firearm and was responsible for executing arrest warrants, handling prisoners, protecting judges, and investigating and apprehending fugitives.  He also has a role to play in enforcing the Adam Walsh Act, which deals with sex offender registries.  Finally, the victim in this case was the minor step-daughter of a Secret Service agent, and the appellant's actions jeopardized his relationships with another Federal law enforcement agency with which the appellant was required to work and interact.

*Id.*

¶15        To the extent that the administrative judge found that the agency established nexus under the second prong of *Hoofman* by showing that the appellant's proven misconduct adversely affected management's trust and confidence in his job performance, we agree.  *See Hoofman*, 118 M.S.P.R. 532, ¶ 16; *Prather v. Department of Justice*, 117 M.S.P.R. 137, ¶¶ 32-33 (2011) (finding that the appellant's off-duty sexual conduct with vulnerable women adversely affected the agency's trust and confidence in his ability to perform his job as a criminal investigator); *Ludlum v. Department of Justice*, 87 M.S.P.R. 56, ¶ 28 (2000) (finding that the appellant's lack of candor strikes at the very heart of the employee-employer relationship and, thus, directly affects the efficiency of the service), *aff'd*, 278 F.3d 1280 (Fed. Cir. 2002); *Honeycutt v. Department of Labor*, 22 M.S.P.R. 491, 494 (1984) (finding nexus for off-duty arrest for first-degree assault and public drunkenness given the sensitive and trustworthy nature of the appellant's duties), *aff'd*, 770 F.2d 181 (Fed. Cir. 1985) (Table).  Accordingly, we find that the appellant has failed to establish that the

administrative judge erred in finding that the agency established nexus between his proven misconduct and the efficiency of the service.

The appellant has failed to establish that the administrative judge erred in finding that he did not prove his claim of disparate penalties and that the removal penalty was reasonable; however, we modify the initial decision to clarify the legal standard applicable to a claim of disparate penalties.

¶16    The remaining issue for consideration is whether the penalty of removal is reasonable under the circumstances. When, as in this appeal, all of the charges are sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *Pinegar v. Federal Election Commission*, 105 M.S.P.R. 677, ¶ 53 (2007); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). The Board will modify a penalty only when it finds that the agency failed to weigh the relevant *Douglas* factors or that it clearly exceeded the bounds of reasonableness in determining the penalty. *See Pinegar*, 105 M.S.P.R. 677, ¶ 53; *Douglas*, 5 M.S.P.R. at 306.

¶17    After the initial decision in this case, the Board reinstated its former law governing the analysis of disparate penalties claims. *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 9. In *Singh*, the Board held that it should not weigh the relative seriousness of various offenses to determine if the agency treated employees who committed different acts of misconduct differently; rather, the relevant inquiry is whether the agency knowingly and unjustifiably treated employees who engaged in the same or similar offenses differently. *Id.*, ¶¶ 14, 17 (overruling *Portner v. Department of Justice*, 119 M.S.P.R. 365 (2013), and *Boucher v. U.S. Postal Service*, 118 M.S.P.R. 640 (2012)).

¶18    On review, the appellant reasserts the disparate penalties claim that he made before the administrative judge, arguing that the removal penalty is not reasonable because other individuals who have pled guilty to alcohol-related criminal violations and incurred multiple administrative penalties have not been

terminated by the agency.[7]  PFR File, Tab 1 at 21.  He argues that he should not have been removed based solely on his misdemeanor conviction of disorderly intoxication as specified in the criminal misconduct charge.  *Id.*  We are not persuaded by the appellant's argument because it is based on a false premise that the agency failed to prove the remaining charges concerning his lack of candor and his conduct unbecoming a Deputy U.S. Marshal.  ID at 14.  Indeed, the appellant has not identified any similarly situated comparator employees who were charged with the same or similar three instances of misconduct.  Thus, he has necessarily failed to show that the agency knowingly and unjustifiably treated employees who engaged in the same or similar offenses differently.  *See Singh*, 2022 MSPB 15, ¶¶ 14, 17.

¶19      We further find that the removal penalty is well within the bounds of reasonableness for the sustained misconduct.  The appellant in this case was a law enforcement officer, and it is well settled that law enforcement officers may be held to a higher standard of conduct than other Federal employees.  *See, e.g.*, *Prather*, 117 M.S.P.R. 137, ¶ 36.  The record reflects that the deciding official considered the relevant *Douglas* factors in deciding on the removal penalty, including but not limited to the appellant's 10 years of service, the nature and seriousness of his misconduct considering his law enforcement position, and his 4 prior disciplinary actions indicating a pattern of off-duty misconduct and no rehabilitation potential.  IAF, Tab 5 at 17-21, 104-06.

---

[7] The appellant identified the following as alleged comparator employees who were not removed for alcohol-related offenses:  (1) an employee who was previously suspended for misuse of a credit card and for failing to report damage to a Government-owned vehicle and was pending decision on a proposed 30-day suspension for driving while intoxicated (DWI); (2) an employee who was reprimanded, although his prior record included a 30-day suspension for DWI, a second DWI, and a misdemeanor conviction for chemical dependency and fleeing the scene of an accident; and (3) an employee whose removal was proposed and had a prior DWI and misdemeanor for failing to consent to a blood-alcohol test.  ID at 13; PFR File, Tab 1 at 21-23.

¶20    The administrative judge found that the appellant expressed no remorse for his misconduct and agreed with the deciding official's conclusion that the appellant had no potential for rehabilitation.  ID at 16.  The administrative judge's findings about the appellant's propensity for rehabilitation are necessarily intertwined with issues of credibility and an analysis of his demeanor at the hearing, and they deserve deference from the Board.  *See Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1373 (Fed. Cir. 2016).  We find that the appellant's arguments on review do not establish any error in the administrative judge's finding that the removal penalty was reasonable for his proven misconduct.  Accordingly, we deny his petition for review.

## NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.