# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LAGRACE BETTINA ROBERTS-HARVEY,<br><div align="center">Appellant,</div> | DOCKET NUMBER<br>CH-0752-19-0214-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br><div align="center">Agency.</div> | DATE: May 14, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Tia Thornton, Esquire, Atlanta, Georgia, for the appellant.

Erika McPherson and Paul Carlson, Redstone Arsenal, Alabama, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision (1) to find that the agency established nexus between the appellant's proven misconduct and the efficiency of the service, (2) to clarify the appellant's burden for proving her affirmative defense of sex discrimination, (3) to find that the appellant's disclosures of wrongdoing by a non-Federal Government entity are not protected because they do not implicate the Government's good name or interests, and (4) to vacate the portions of the initial decision finding that the appellant's disclosures were not a contributing factor in the agency's decision to remove her and that the agency proved by clear and convincing evidence that it would have taken such an action absent her disclosures. Except as expressly modified as described herein, we AFFIRM the initial decision.

## BACKGROUND

The agency employed the appellant as a GS-13 Procurement Analyst in Kuwait. Initial Appeal File (IAF), Tab 6 at 16. On November 13, 2018, the agency proposed the appellant's removal based on three charges: (1) use of official position and access to information to assist a non-Federal entity in obtaining contracts with the U.S. Government in return for money; (2) acceptance of gifts and gratuities from a non-Federal entity in exchange for using her official position to help secure business with the U.S. Government; and (3) failure to

disclose gifts from foreign entities as required by law. *Id*. at 25-32. The appellant was provided with an opportunity to respond, and she did so. *Id*. at 23-24. Effective February 5, 2019, the agency removed the appellant from her position. *Id*. at 17-22.

The appellant filed an appeal with the Board challenging the removal. IAF, Tab 1. She also raised affirmative defenses of sex discrimination, reprisal for whistleblowing activity, and violations of due process. IAF, Tabs 1, 20. After holding the appellant's requested hearing, the administrative judge issued an initial decision sustaining the removal. IAF, Tab 33, Hearing Compact Disc (HCD), Tab 35, Initial Decision (ID). The administrative judge found that the agency proved its charges by preponderant evidence, that the appellant did not prove any of her affirmative defenses, and that the penalty of removal was reasonable. ID at 3-28.

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has not filed a response to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency proved its charges by preponderant evidence.

On review, the appellant generally asserts that "the charges were not substantiated," PFR File, Tab 1 at 9, but she does not explain why she believes that there was no evidence to support the agency's charges. Based on her credibility determinations, the parties' stipulated facts, and other evidence in the record, the administrative judge found that the agency proved all three charges, ID at 3-18, and we find no basis to disturb the administrative judge's findings in this regard, *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences and reached

well-reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

The agency established nexus.

In addition to the requirement that the agency prove its charge, the agency must also prove that there is a nexus, i.e., a clear and direct relationship between the articulated grounds for the adverse action and either the appellant's ability to accomplish his duties satisfactorily or some other legitimate Government interest. *Hoofman v. Department of the Army*, 118 M.S.P.R. 532, ¶ 16 (2012), *aff'd*, 526 F. Appx. 982 (Fed. Cir. 2013). An agency may show a nexus between off-duty misconduct[2] and the efficiency of the service by three means: (1) a rebuttable presumption in certain egregious circumstances; (2) preponderant evidence that the misconduct adversely affects the appellant's or co-workers' job performance or the agency's trust and confidence in the appellant's job performance; or (3) preponderant evidence that the misconduct interfered with or adversely affected the agency's mission. *Kruger v. Department of Justice*, 32 M.S.P.R. 71, 74 (1987). The administrative judge did not explicitly discuss nexus in this case. We modify the initial decision to find that the agency established nexus between the appellant's proven misconduct and the efficiency of the service.

The deciding official stated in the decision letter and her testimony that the appellant's misconduct adversely affected the agency's trust and confidence in her job performance. IAF, Tab 6 at 17; HCD (testimony of the deciding official). The Board has held that the charge of use of official position for personal gain has "an obvious impact on the efficiency of the service." *Lappin v. Department*

---

[2] Although it is not clear from the record, it appears that the misconduct in question occurred off-duty, at least in part. Even if the misconduct in question involved a combination of on- and off-duty misconduct, the outcome remains the same. *See, e.g.*, *Parker v. U.S. Postal Service*, 819 F.2d 1113, 1116 (Fed. Cir. 1987) (noting that there is a sufficient nexus between an employee's conduct and the efficiency of the service when the conduct occurred in part at work).

*of Justice*, 24 M.S.P.R. 195, 196-97 (1984). Under the particular circumstances of this case, we find that the agency has established nexus.

<u>The appellant failed to prove her affirmative defenses of sex discrimination, whistleblower reprisal, and a due process violation.</u>

On review, the appellant generally challenges the administrative judge's finding that she failed to prove her affirmative defenses. PFR File, Tab 1 at 12-13. However, she does not support her vague allegations of sex discrimination, retaliation for whistleblowing, and violation of due process with any new and material evidence. *See* 5 C.F.R. § 1201.115(d). Although the appellant raises no persuasive claim of error in the administrative judge's analysis, we modify the initial decision to clarify the appellant's burden for proving her affirmative defense of sex discrimination, and to evaluate whether, as part of her claim of whistleblowing retaliation, the appellant's disclosures implicate the Government's good name or interests, still finding that the appellant has not proven any of her affirmative defenses.

*Sex discrimination*

The appellant asserts that the administrative judge erred in finding that she failed to prove her claim of sex discrimination. PFR File, Tab 1 at 12. In particular, she contends that the administrative judge refused to listen to her claim at the hearing. *Id*. The record shows otherwise.

In the initial decision, the administrative judge considered her allegations but noted that they were deficient. ID at 18-20. In so doing, she cited to the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). ID at 18-19. As the Board has since clarified, to prove a claim of sex discrimination, an appellant must show that the prohibited consideration was at least a motivating factor in the action under appeal. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22.

In evaluating the appellant's claim, we have applied the framework set forth in *Pridgen.* We need not remand the appeal because the record is fully

developed on this issue, however, and we agree with the administrative judge that the appellant has not shown that her sex was a motivating factor in the agency's decision to remove her.

*Whistleblower reprisal*

The appellant asserts that the administrative judge erred in finding that she failed to prove her claim of whistleblower reprisal. PFR File, Tab 1 at 12. In particular, she contends that the administrative judge removed some of her exhibits, but she does not identify any such exhibits. This argument is therefore not persuasive.

Moreover, as the administrative judge properly noted, the appellant's allegations of wrongdoing were against a non-Federal Government entity. Under the Whistleblower Protection Enhancement Act of 2012, a disclosure of alleged wrongdoing committed by a non-Federal Government entity is protected under 5 U.S.C. § 2302(b)(8) only when the Government's interests and good name are implicated in the alleged wrongdoing, and the employee shows that she reasonably believed that the information she disclosed evidenced that wrongdoing. *Covington v. Department of Interior*, 2023 MSPB 5, ¶ 8.

Applying *Covington* to the facts of this case, we find that the appellant has not shown that the Government's interests and good name are implicated in the alleged wrongdoing, and/or that she reasonably believed that the information she disclosed evidenced such wrongdoing. *See id.* Accordingly, we modify the initial decision to find that the appellant's disclosures were not protected.

Because we have concluded that the appellant's disclosures are not protected under 5 U.S.C. § 2302(b)(8), we need not address whether any such disclosures were a contributing factor in the agency's decision to remove the appellant or whether the agency proved by clear and convincing evidence that it would have taken such an action absent the disclosures. Accordingly, we vacate the portions of the initial decision that reach these issues.

*Due process violations*

The appellant asserts that she was not provided with due process because she was given "misleading [m]emorandums" that contained "falsified information" in connection with the revocation of her security clearance. PFR File, Tab 1 at 13. As the administrative judge observed, however, the appellant raised no allegations that she did not receive notice of the charges against her, an explanation of the agency's evidence, or an opportunity to respond to the charges. ID at 24. To the extent the appellant is alleging that the deciding official was biased or relied on falsified information, she has produced no evidentiary support for such a conclusion. *See Martinez v. Department of Veterans Affairs*, 119 M.S.P.R. 37, ¶¶ 10-11 (2012) (finding that an appellant alleging a due process violation has the burden of proving a decision maker's actual bias or an intolerable risk of unfairness); *see also Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980) (stating that, in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators).

Accordingly, we agree with the administrative judge that the appellant was provided with due process. ID at 22-24.[3]

The penalty of removal was reasonable.

Although the appellant argues that the penalty of removal was not reasonable, PFR File, Tab 1 at 13, we agree with the administrative judge that the penalty of removal does not exceed the tolerable bounds of reasonableness for the sustained charges, *see Herrera-Martinez v. Social Security Administration*, 84 M.S.P.R. 426, 427, 432-33 (1999) (reversing the administrative judge's decision to mitigate the penalty of removal when the appellant defrauded the

_____

[3] We further find that the appellant's remaining arguments regarding procedural and evidentiary matters provide no basis for disturbing the administrative judge's evidentiary findings.

Government and accepted gifts from claimants, despite his 7 ½ years of Federal service and lack of prior discipline); *see also Hayes v. Department of Labor*, 65 M.S.P.R. 214, 216-17, 219-20 (1994) (finding removal to be a reasonable penalty when the appellant improperly accepted cash payments and interfered with an official investigation, despite his 17 years of Federal service and lack of prior discipline).

Accordingly, we affirm the initial decision as modified herein.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.